### DISTRICT OF COLUMBIA v. MANNING.

Court of Appeals of District of Columbia.
Submitted January 4, 1927. Decided April 4, 1927.

No. 4448.

**I. District of Columbia ⟐⟐22—Commissioners of District of Columbia have power to establish safety zones for street car passengers.**

It is within the power of the commissioners of the District of Columbia to establish safety zones for the protection of the public in entering and alighting from street cars.

**2. Municipal corporations ⟐⟐821 (8)—City's use of mushroom markers for corners of safety zones held not negligence as matter of law.**

Use of markers, known as turtle-backs, mushrooms, or buttons, to designate corners of safety zones for persons entering or alighting from street cars, held not negligence as matter of law, in pedestrian's action for injuries from stumbling over marker.

**3. Municipal corporations ⟐⟐817(1)—Pedestrian, alleging negligence of city in placing safety markers, has burden of proof.**

Pedestrian, suing for personal injuries from alleged negligence of city in placing safety markers in street, has burden of proof.

**4. Municipal corporations ⟐⟐821 (8)—Evidence of city's negligence in placing safety zone markers in street held for jury.**

Evidence of negligence of city in placing mushroom or button markers for safety zone in street held insufficient to go to jury in pedestrian's action for injuries therefrom.

Appeal from the Supreme Court of the District of Columbia.

Action by Fraud Manning against the District of Columbia. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

F. H. Stephens and F. W. Madigan, both of Washington, D. C., for the District of Columbia.

T. L. Jeffords and H. B. Moulton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, the District of Columbia, appeals from a judgment rendered in the Supreme Court of the District for damages for personal injuries sustained by the appellee, Fraud Manning.

It appears that at about 6:45 p. m. November 8, 1923, appellee, plaintiff below, alighted from a street car at Fourteenth and H streets, N. W., in the city of Washington. After stepping to the street, she took two steps in a southwesterly direction, when her foot struck the marker at the southwest end of the safety zone, where she fell and was injured.

These safety zones are laid out at the principal street car stopping places throughout the city, more particularly in the congested sections of the city. They are in the shape of a rectangle, extending parallel with the track and indicated by broad white painted lines on the surface of the street. At the outside corners of the rectangle are placed cast iron markers, painted white, weighing about 100 pounds, 18 inches in diameter, having a corrugated surface, the lines of corrugation radiating from the center and top to the outer edge. These markers are referred to as "turtle-backs," "mushrooms," or "buttons."

At the close of the case counsel for the defendant moved for a directed verdict, on the ground that the safety zones were created and the metal markers placed in position on the street as the result of a general plan for the protection of the public; that the one here in question was identical with others in use in the District of Columbia for the same purpose, and similar in construction and dimensions to markers in general use in many cities throughout the United States. It was accordingly contended:

(1) "That the municipality is not liable to respond in damages for consequences following upon the execution by the municipality of anything done or performed in conformity with a general plan or scheme."

(2) "That the jury be instructed to ren-

der a verdict for the defendant, upon the ground that the button in question was a device placed in the street to mark a safety zone for the protection of the public generally, and was therefore a lawful obstruction, and not in any wise defective or out of repair."

In addition to these two grounds, error is assigned generally on the failure of the court to sustain the motion for a directed verdict.

We think, however, that this case can be disposed of upon the general assignment of the refusal of the court to grant defendant's motion for a directed verdict. Plaintiff's charge of negligence against the District was to the effect that the button placed in the street was a dangerous obstruction to travel, and a menace and a danger to pedestrians, and that it was placed directly in the line of travel of persons leaving the street car.

The District answered, denying that the markers are dangerous, or constitute a dangerous obstruction to travel, or that they are in the line of travel as alleged in the declaration, but state as an affirmative defense that the purpose of defining and marking a safety zone "is to provide for the safety and protection of the general public, and more particularly for such of the public as have used, are about to use, or are waiting for  *  *  * street cars."

[1, 2] It is clearly within the power of the commissioners to establish safety zones for the protection of the public in entering and alighting from street cars, as well as in waiting for the approach of cars. The establishment of safety zones, similar to the one in question, extends throughout the city, and is generally known by the public, and their use is recognized. It was not negligence as matter of law to place these markers in the street in accordance with a uniform plan throughout the city. Before a device placed in the street for the protection of the public generally, and as an aid to the regulation of traffic, can be said to constitute negligence per se, it is proper to consider the scope of the authority reposed in the commissioners in matters of this sort. Modern traffic conditions in large cities are at best highly dangerous and difficult of regulation. Wide latitude, therefore, will be afforded the authorities in devising and establishing safety devices. Platforms in the street for the protection of the traveling public in entering and alighting from street cars may constitute more or less an element of danger to vehicles and pedestrians using the street. The same may be true of the method of establishing

safety zones, but it cannot be said that the exercise of such authority by the District commissioners is negligence as matter of law. Where the advantages greatly outweigh the disadvantages, the exercise of the authority will be upheld.

[3, 4] It follows, therefore, that to sustain the declaration of negligence in the establishment of the zone in question, or in the manner in which it was marked, the burden was upon the plaintiff. This burden plaintiff wholly failed to sustain, as there is no evidence whatever, aside from the happening of the accident, to indicate either that the button placed upon the street was dangerous, or that it was so negligently constructed as to create a dangerous situation. Neither is there any showing that the safety zone, with the buttons at the outside corners thereof, was either negligently constructed or out of repair; consequently there is a total lack of evidence showing negligence on the part of the District, sufficient to support a judgment in this case. Of course, in the absence of proof of negligence, liability cannot attach. It was therefore error for the trial court to refuse to grant the instruction for a directed verdict, since the plaintiff failed to make a case for the jury.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.